IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE NORWOOD, | § | |
| | § | |
| Defendant Below, | § | No. 255, 2026 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0405006248 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 29, 2026
Decided: August 5, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     The appellant, Tyrone Norwood, seeks to appeal a Superior Court order denying Norwood's motion for correction of an illegal sentence. The Superior Court's order was docketed on May 19, 2026. Norwood's notice of appeal was mailed to the Superior Court Prothonotary's office rather than to this Court. The Prothonotary's office received the notice on June 17 and later sent it to this Court's Clerk's office, which received it on June 23. Under Supreme Court Rule 6(a)(iii)(B),

the last day for filing an appeal was June 18.[1] The Senior Court Clerk issued a notice directing Norwood to show cause why the appeal should not be dismissed as untimely filed.

(2) In response to the notice to show cause, Norwood states that he received information from the Prothonotary's office that led him to believe that filing an opening brief alone was sufficient to perfect an appeal.[2] After Norwood learned that a notice of appeal was also required, a family member mailed the notice of appeal from the United States post office on June 15, 2026, with an expected delivery date of June 18. Norwood has provided a copy of a postal service receipt consistent with those dates. He acknowledges that the "inmate mailbox rule" set forth in 10 *Del. C.* § 147(b) "does not apply because the Notice of Appeal was not placed in the institution's internal mail system."[3] He further acknowledges that this Court "has consistently held that filing a notice of appeal with the [Superior Court] within the applicable time period does not constitute compliance with the jurisdictional requirements of this Court."[4] He requests that the Court "consider the circumstances

---

[1] In the Superior Court's order denying the motion for correction of an illegal sentence, the court determined that Norwood's sentence order should be modified to clarify which portion of his sentence for second-degree murder is "mandatory." The modified sentence order making that clarification was docketed May 20, 2026. Even if the thirty-day period for filing the appeal is deemed to have run from that date, the notice of appeal was received after the deadline, which was June 22, because June 19 was a holiday.

[2] It appears that Norwood mailed an opening brief to the Prothonotary's office, which received it on June 15, 2026.

[3] Response to Notice Show Cause ¶ 4.

[4] *Id.* ¶ 5 (alteration in original; internal quotations omitted).

of this case—including the good faith reliance on information from the Prothonotary's office, the immediate attempt to correct the filing, and the fact that the Notice of Appeal was mailed from the post office within the 30-day period—and exercise any discretion it may have to allow the appeal to proceed on the merits."[5]

(3)     The State has supplied Norwood's prison mail log, which does not show any outgoing mail to any court in May or June 2026. The State argues that the appeal is untimely and should be dismissed.

(4)     The appellate jurisdiction of this Court rests upon perfecting an appeal within the applicable time period.[6] Unless the appellant satisfies 10 *Del. C.* § 147(b)(1) and Supreme Court Rule 6(a)(iii)(C) or can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, a notice of appeal must be received by the Court within the applicable time period to be effective.[7] Because Norwood did not send his notice of appeal from prison, Section 147(b)(1) and Supreme Court Rule 6(a)(iii)(C) do not apply. Any delay that resulted because Norwood's family member mailed the notice of appeal to the Superior Court

---

[5] *Id.* ¶ 6.
[6] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[7] *Price v. State*, 2025 WL 2304986, at *1 (Del. Aug. 8, 2025).

prothonotary instead of to this Court is not attributable to court-related personnel.[8]

The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *See Gerrans v. Sanovas, Inc.*, 2024 WL 4362266, at *1 (Del. Sept. 30, 2024) ("Gerrans's mailing of the notice of appeal to the Register in Chancery rather than to this Court is not attributable to court-related personnel.").